IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: )<br>)<br>CAPITOL CABLE & TECHNOLOGY, INC. )<br>)<br>    Debtor. )<br>_____)<br>)<br>PEACH, LLC )<br>)<br>    Movant, )<br>)<br>vs. )<br>)<br>CAPITOL CABLE & TECHNOLOGY, INC., )<br>)<br>    Debtor/Respondent )<br>)<br>_____) | Case No. 17-14644 TJC<br>Chapter 11 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

COMES NOW, Peach, LLC, ("Movant"), by and through undersigned counsel, respectfully moves this Honorable Court for Relief from Stay pursuant to 11 U.S.C. §362, and in support thereof represents the following:

1.    Capitol Cable & Technology, Inc. (the "Debtor") commenced the above-captioned bankruptcy case on April 4, 2017, (the "Petition Date") by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.

2.    Upon information and belief, no trustee has been appointed and the Debtor remains in possession of its estate under 11 U.S.C. §1107 and 1108.

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C.§§1334 and 157 (a) and (b)(2)(A), (E), and (G).

4. Prior to the Petition Date, the Debtor was the lessee of a certain parcel of improved real property locate at 7917 A&B Cessna Avenue, Gaithersburg, Maryland 20879 (the "Premises").

5. The Debtor entered into a Commercial Lease Agreement dated December 31, 2010, with the Movant, for the lease of said Premises for a period of five (5) years commencing January 1, 2011 through December 31, 2015. A copy of the Commercial Lease Agreement is attached hereto and incorporated by reference herein.

6. Before the expiration of the Commercial Lease Agreement dated December 31, 2010, the Debtor executed the First Amendment to Lease dated December 15, 2015, for the lease of said Premises for an additional period of five (5) years to commence January 1, 2016 through December 31, 2020, with an option for up to one (1) additional five (5) year period to commence January 1, 2021 through December 31, 2025. The Debtor agreed to pay rent for the rental of the Premises as follows:

1) January 1, 2016 to December 31, 2016 monthly rent due of $9,015.01;

2) January 1, 2017 to December 31, 2017 monthly rent due of $9,285.46;

3) January 1, 2018 to December 31, 2018 monthly rent due of $9,564.03;

4) January 1, 2019 to December 31, 2019 monthly rent due of $9,850.95;

5) January 1, 2020 to December 31, 2020 monthly rent due of $10,146.48.

The Commercial Lease Agreement dated December 31, 2010 and the First Amendment to Lease dated December 15, 2015 are hereinafter referred to as the "Lease". A copy of the First Amendment to Lease dated December 15, 2015 is attached hereto and incorporated by reference herein.

7. Before the Petition Date, the Debtor defaulted in its payment obligations by failing to make the required payments from December 1, 2016 through April 1, 2017, pursuant to the terms of the First Amendment to Lease dated December 15, 2015. The Debtor breached its obligation under the Lease.

8. As a result of Debtor's default, on March 7, 2017, the Movant filed a Failure to Pay Rent-Landlord's Complaint for Repossession of Rented Property Real Property with the District Court for Montgomery County, Maryland. The Trial date was scheduled for April 5, 2017, which has been stayed by the Debtor's bankruptcy filing.

9. In addition, on March 24, 2017, the Movant filed a Complaint with the District Court for Montgomery County, Maryland, for the unpaid rent due in the amount of $24,871.39 from December 1, 2016 through March 1,2017. The Trial was scheduled for June 21, 2017, which has been stayed by the Debtor's bankruptcy filing.

10. As a result of the Debtor's failure to make its timely pre-petition payments, Movant is also entitled under the Lease to collect their costs and expenses, including reasonable attorney's fees not to exceed 25% of the amount then due to the Movant. Although Movant has not yet expended the full amount of its costs and expenses to enforce the Lease, these amounts are expected to exceed $20,000.00, due to the bankruptcy filings and state court proceedings.

11. Pursuant to the Lease, late fees continue to accrue on payments in default at the rate of five percent (5%) after the tenth day of the month. In the event rent remains unpaid after 30 days, interest will be charged thereafter at the rate of 10% per annum.

12. As of April 4, 2017, the Debtor is indebted to the Movant in the amount of $34,156.85, representing unpaid rent from December 1, 2016 to April 1, 2017, which is the amount due to the Movant from the Debtor in pre-petition debt under the terms of the First

Amendment to Lease dated December 15, 2015.  Movant's Rent Payment ledger is attached hereto, which lists both pre and post petition amounts due.

13. Post petition, the Debtor has failed to pay post-petition payments and owes unpaid rent totaling $9,285.46, due for the month of May 1, 2017, plus costs and attorney fees incurred in the filing of this Motion.

14. According to 11 U.S.C. §365(d)(3), "the trustee shall timely perform all the obligations of a debtor, except those specified in section 365(b)(2), arising from and after the order of relief under any unexpired lease of nonresidential property, until such lease is assumed or rejected…"  11 U.S.C. §365(d)(3).  In this case, as of May 9, 2017, no payment has been made post petition to the Movant.

15. The Debtor continues operation of its business at the Premises.

16. The Movant lacks adequate protection of its interest in the Premises.

17. Furthermore, the Debtor does not have equity in the Premises and the Premises is not necessary for an effective reorganization.

18. The Movant has been and continues to be irreparably injured by the stay of 11 U.S.C. §362(a) of the Bankruptcy Code, which prevents Movant from enforcing its rights under the Commercial Lease Agreement dated December 31, 2010 and the First Amendment to Lease dated December 15, 2015, as the Debtor continues to operate its business and effectively occupying the real property rent-free.

19. Cause exists for lifting the automatic stay imposed by 11 U.S.C.§362(a) of the Bankruptcy Code in that it is inequitable to allow the Debtor continued use and possession of the real property rent-free while denying the Movant its right to enforce the Commercial Lease

Agreement dated December 31, 2010 and the First Amendment to Lease dated December 15, 2015.

WHEREFORE, the Movant prays this Honorable Court to:

1. Enter an Order terminating the automatic stay imposed by 11 U.S.C.§362(a) of the United States Bankruptcy Code so the Movant may proceed under applicable state law to enforce its remedies to obtain possession of the Premises from the Debtor.

2. Grant such other and further relief as this Honorable Court deems just and proper.


Dated: May 9, 2017                                              Respectfully submitted:


                                                                */s/ Maria Martinez, Esq.*

                                                                Maria Martinez, Esq., #15354
                                                                14322 Old Marlboro Pike
                                                                Upper Marlboro, Maryland  20772
                                                                (301) 459-1414
                                                                lawofficeofms@aol.com
                                                                *Attorney for the Movant*

<u>Certificate of Service</u>

   I hereby certify that on this 9th day of May, 2017, a copy of the foregoing Motion for Relief of Automatic Stay was or will be served via the CM/ECF system or by first class mail, postage prepaid, to:

Richard B. Rosenblatt, Esq.
30 Courthouse Square, Ste. 302
Rockville, Maryland  20850

Leander D. Branhill, Esq.
Office of the U.S. Trustee
6305 Ivy Lane
Greenbelt, Maryland 20770

Capitol Cable & Technology, Inc
7917 A Cessna Avenue
Gaithersburg, Maryland 20879

                    <u>*/s/Maria Martinez, Esq.*</u>
                    Maria Martinez